UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Clemons, ) | C/A No. 6:07-3286-GRA-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Cpl J. N. Bradley, SC Highway Patrol; ) | |
| Chris Scalzo, Public Defender Office; ) | |
| Judge C. R. Garrett, Greenville County Summary Court; ) | |
| Paul B Wickensimer, Greenville County Clerk of Court; ) | |
| Bob Ariail, Greenville County Solicitor; ) | |
| Barbara H Tiffin, Assistant Solicitor; ) | |
| Judge John L Breeden, Jr., Circuit Court Judge; ) | |
| Joseph L Savitz, Chief Attorney, Division of Appellate ) | |
| Defense; ) | |
| Kenneth A Richstad, Clerk of SC Court of Appeal; ) | |
| Harold M Coombs, Jr., Senior Assistant Attorney ) | |
| General; ) | |
| Jasper M Cureton, A.J. SC Court of Appeal; ) | |
| Kaye G Hearn, C.J. SC Court of Appeal; ) | |
| Jean H Toal, C.J. SC Supreme Court; and ) | |
| Henry McMaster, Attorney General, SC, ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

This is a civil action filed *pro se*.[1] Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (Entry 3). Plaintiff is a resident of Greenville County, South Carolina. He has filed a Complaint, naming as Defendants several South Carolina state court judges, several state prosecutors, two state court clerks of court, two public defenders, and a state highway patrol man. The Complaint is sparse on factual background allegations, thus requiring excessive effort

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

on the Court's part to understand what Plaintiff is complaining about and what, if anything, he wants the Court to do about his contentions.

Reading between the lines and very liberally construing Plaintiff's allegations, it appear that he is disappointed in the outcome of a traffic-related state court criminal action in which Plaintiff was the criminal defendant. Plaintiff does not provide the Court with copies of any documents produced during that apparent criminal case, nor does he provide the Court with the case number of said case or of any of the underlying facts about the criminal case. Instead, Plaintiff lists each Defendant separately and then lists several brief statements and/or legal conclusions under each name. Apparently Plaintiff wants the Court to conclude that the Defendants, who, as previously stated, include a state trooper who might or might not have arrested and/or testified against Plaintiff, state/county prosecutors, defense attorneys, state court Clerks of Court, and state judges, are "guilty" of those legal terms such as: "perjury, obstruction of justice, filing false reports, distorting evidence, withholding evidence, conspiracy to obstruct justice and prevent due process, failure to follow court procedures, made rulings based on hearsay." He also claims that the state court judges at each level of his case made evidentiary and procedural rulings in connection with his trial and/or appeals that allegedly violate various South Carolina state statutes, and that he was not provided with requested legal counsel at some undisclosed level(s) of the criminal case. The only relief requested by Plaintiff is "A Verdict on each of the listed DEFENDANTS." Complaint, relief paragraph.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Initially, the Complaint filed in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. As stated above, Plaintiff fails to provide the Court with any substantial

---

[2] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

factual background for the claims he attempts to raise. Although he has named numerous Defendants and he claims that all of them engaged in supposed wrongdoing in connection with a criminal case, other than writing down repetitive lists of conclusory legal terminology under Defendants' name, he does not specify what each Defendant did, factually, in connection with the apparent criminal case to make them "guilty" or "liable" for the legal conclusions listed under their names. Then, to make things even more confusing, Plaintiff does not specify what type of "relief" he wants the Court to award him other than to say he wants a "verdict" against Defendants. By using the un-explained, general term "verdict," the Court is left to wonder whether he expects the Court to enter a verdict of "guilty" in the criminal sense or a "verdict" of a judgment of liability in the civil sense. If he seeks a criminal "verdict," such claim cannot go forward in this *civil* case. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970) Furthermore, even if the vague use of "verdict" were to be liberally construed to mean a civil judgment of liability, the Complaint still fails to specify whether Plaintiff seeks declaratory, injunctive, and/or damages relief. As a result, even giving this Complaint the most liberal construction possible, it is impossible to determine, without excessive expenditure of precious judicial resources, that Plaintiff has sufficiently pled any claim on which relief could be granted by this Court.

Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal

4

terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Although we are bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In fact, due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). By repeatedly asserting that the Defendants committed "perjury" or "produced false documents" or "obstructed justice" or made improper rulings without offering any kind of substantial factual allegations underlying such legal conclusions, Plaintiff's Complaint fails to meet the requirements of either Rule 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal *in toto*. *See Antonio v. Moore*, No. 05-6272, 2006 WL 584395 (4th Cir. March 9, 2006).

Furthermore, to the extent that Plaintiff's Complaint could be extremely liberally construed as stating constitutional violation "due process" claims under 42 U.S.C. § 1983[3] against any or all Defendants arising from the evidentiary and/or procedural rulings made and/or testimony given during a state court criminal prosecution and appeals, the Complaint appears to seek "review" of the state court proceedings by this Court.  Viewed in this light, the Complaint should be summarily dismissed for lack of subject matter jurisdiction because the proceedings and rulings made in the state courts of Greenville County and/or the South Carolina appellate courts cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[4]  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine.  *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] Appeals of orders issued by lower state courts must go to a higher state court.  Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court.  *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).  In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors*.  E.g.*, *Lucas v. S. C. Coastal Council*, 505 U.S. 1003 (1991)(an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

F.2d 270, 284 (3d Cir. 1991).  Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*, *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003), and it bars all attempted claims against all Defendants in this case.

      Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case.  *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989).  Plaintiff's submission of the Complaint in this case, claiming a right to a "verdict" for federal constitutional violations by various court personnel, opposing counsel, defense counsel, and law enforcement personnel does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place before the South Carolina state courts.  *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases).  To rule in favor of Plaintiff on his constitutional claims would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made at the various levels of the state court proceedings.  Such a result is prohibited under the *Rooker-Feldman* Doctrine.   *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94;  *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

      Moreover, even Plaintiff's allegations could be liberally construed as being sufficient to state claims for damages pursuant to 42 U.S.C. § 1983 against any or all Defendants, the

Complaint would still be subject to summary dismissal against the vast majority of the named Defendants for several reasons. For example, since the only "allegations" against Defendants Wickensimer and Richstad found in Plaintiff's Complaint have to do with the manner in which these Clerks of Court performed their official, judicially delegated duties of setting hearings and providing information and assistance to litigants, any claim seeking damages from them based on such allegations is barred by the doctrine of quasi-judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In *Mourat*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice,* stating:

> The clerk . . . is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Ashbrook v.*

8

*Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Additionally, to the extent that Plaintiff's allegations may be construed as seeking damages from Judges Garrett,[5] Breeden, Cureton, Hearn, and/or Toal based on their evidentiary and/or procedural rulings in his state court case, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power.  It shields judges even against allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).  The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South

---

[5] County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system.  *See In re Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004)(removing magistrate from office); *In re Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999)(imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); *In re Lee*, 313 S.C. 142, 437 S.E.2d 85 (1993); *In re Carmichael*, 313 S.C. 96, 437 S.E.2d 63 (1993).

9

Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

The same result: summary dismissal, is required for any damage claims that might be liberally construed from Plaintiff's allegations against Defendants Ariail, Tiffin, Combs, and/or McMaster, all of whom are/were in the position of prosecutors in connection with Plaintiff's state court case. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. The state Attorney General and any of her or his assistants are also considered to be prosecutors since, among other duties, they represent the state in criminal appeals and in other proceedings relating to criminal convictions. Prosecutors have absolute immunity for their activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). While absolute immunity does not extend to a prosecutor's administrative or investigative activities, *see Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1976), none of Plaintiff's minimal allegations of wrongdoing against these Defendants appear to fall into that limited area

of prosecutorial activities.[6]  He thinks that Attorney General McMaster should have prosecuted the other Defendants and objects that he did not do so, and he thinks that the prosecutors argued and/or inserted "irrelevant" issues into his case or that they produced improper evidence.  Of particular importance in this case is the fact that it is well settled in this circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution.  *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).   Such clearly immune prosecutorial decisions, along with decisions made about how to proceed with the prosecution against Plaintiff, are all Plaintiff complains about in this case.  Those kinds of decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims.

Finally, to the extent that Plaintiff's allegations could be liberally construed as attempting to state a § 1983 action against Defendants Scalzo and/or Savitz, both Public Defenders, based on their actions or inactions in connection with Plaintiff's criminal defense, no viable claim exists because no state action was involved in their representation.  In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  The United States Supreme Court has determined that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant."  *Georgia v. McCollum*, 505 U.S. 42, 53 (1992).  The Court held in *Polk County v. Dodson*, 454 U.S. 312 (1981), that the

---

[6] When performing administrative or investigative activities, prosecutors acting in good faith are entitled to qualified immunity only to the extent that the conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. ' " *Buckley v. Fitzsimmons,* 509 U.S. at 268 (quoting from *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

11

adversarial relationship of a public defender with the state prevented the attorney's public employment from alone being sufficient to support a finding of state action. Since Plaintiff's allegations do not establish that Defendants Scalzo or Savitz acted under color of state law, Plaintiff cannot maintain a § 1983 action against them.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

October 12, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).