UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clayton Clemons, | C/A No.:6:07-cv-03286-GRA |
| Plaintiff, | **ORDER** (Written Opinion) |
| v. | |
| Cpl J. N. Bradley, SC Highway Patrol; Chris Scalzo, Public Defender Office; Judge C. R. Garrett, Greenville County Summary Court; Paul B Wickensimer, Greenville County Clerk of Court; Bob Ariail, Greenville County Solicitor; Barbara H Tiffin, Assistant Solicitor; Judge John L Breeden, Jr., Circuit Court Judge; Joseph L Savitz, Chief Attorney, Division of Appellate Defense; Kenneth A Richstad, Clerk of SC Court of Appeal; Harold M Coombs, Jr., Senior Assistant Attorney General; Jasper M Cureton, A.J. SC Court of Appeal; Kaye G Hearn, C.J. SC Court of Appeal; Jean H Toal, C.J. SC Supreme Court; and Henry McMaster, Attorney General, SC, | |
| Defendants. | |

This matter comes before the Court on the plaintiff's Motion to Extend Time to File Objection to Report and Recommendation and his Motion to Subpoena. Plaintiff filed a complaint on October 1, 2007. Magistrate Judge Catoe recommended that the plaintiff's complaint be dismissed without prejudice and without issuance or service of process. Rather than file objections to the magistrate's Report and

Recommendation, the plaintiff filed the two immediate motions. For the reasons mentioned herein, this Court will grant the Motion to Extend, but deny the plaintiff's Motion to Subpoena.

Plaintiff brings these motions *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

First, the plaintiff argues that he needs more time to acquire specific items in order to make his objections. The plaintiff claims that he needs the trial transcript, the pretrial report, and the video recording of his conduct during the twenty minute pre-breathalyzer waiting period required by S.C. Code Ann. § 56-5-2953(A)(2)(d). This Court may grant a motion to extend for good cause shown. Fed. R. Civ. P. 6(b). This Court finds the plaintiff has met this burden; therefore, this Court will give the plaintiff an additional ten (10) days to file his objections.

Second, the plaintiff attempts to serve the defendants with a subpoena duces tecum in order to get a free copy of his trial transcript, pretrial report, and waiting period video recording. "Copies of transcripts may be provided to an indigent litigant at government expense [only] upon a showing by the litigant of a particularized need for the documents." *United States v. Hamlett*, 128 Fed. Appx. 320, 321 (4th Cir.

2005); *see also Jones v. Superintendent, Va. State Farm*, 460 F.2d 150 (4th Cir. 1972).  The plaintiff has not shown any particularized need for these items.  Though this Court DENIES the plaintiff's Motion to Subpoena for the aforementioned reason, nothing in this Order precludes the plaintiff from obtaining these items from the state at his own expense.

  IT IS THEREFORE ORDERED THAT the plaintiff's Motion for Extension be GRANTED, thereby giving the plaintiff an additional ten (10) days to file objections to the magistrate's Report and Recommendation from the date of the entry of this Order.  IT IS FURTHER ORDERED that the plaintiff's Motion to Subpoena be DENIED.

  IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 1, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

  Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.