UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clayton Clemons, | ) | C/A No.:6:07-cv-03286-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Cpl J. N. Bradley, SC Highway Patrol; | ) | |
| Chris Scalzo, Public Defender Office; | ) | |
| Judge C. R. Garrett, Greenville County | ) | |
| Summary Court;Paul B Wickensimer, | ) | |
| Greenville County Clerk of Court; | ) | |
| Bob Ariail, Greenville County Solicitor; | ) | |
| Barbara H Tiffin, Assistant Solicitor; | ) | |
| Judge John L Breeden, Jr., Circuit | ) | |
| Court Judge; Joseph L Savitz, Chief | ) | |
| Attorney, Division of Appellate | ) | |
| Defense; Kenneth A Richstad, Clerk | ) | |
| of SC Court of Appeal;Harold M | ) | |
| Coombs, Jr., Senior Assistant | ) | |
| Attorney General;Jasper M Cureton, | ) | |
| A.J. SC Court of Appeal; Kaye G | ) | |
| Hearn, C.J. SC Court of Appeal; | ) | |
| Jean H Toal, C.J. SC Supreme Court; | ) | |
| andHenry McMaster, Attorney | ) | |
| General, SC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., filed October 12, 2007.  For the reasons stated herein, this Court adopts the magistrate's Recommendation in its entirety.

Plaintiff brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454  U.S. 364, 365 (1982).

Plaintiff filed this action October 1, 2007, complaining that his constitutional rights had been violated during a traffic related, criminal adjudication in state court. Magistrate Judge Catoe recommends dismissing this action without prejudice.

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).   Plaintiff did not file timely objections.

After a thorough review of the magistrate's Report and Recommendation, the record, and relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the complaint in this matter be dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 4, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**